

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

New York
Regional Office

January 26, 2021

**By ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:     In re Sealed Motion by the United States Securities and Exchange
Commission for Nondisclosure Orders, 17-Misc.-404-GHW

Dear Judge Woods:

Pursuant to the Court's Order dated January 14, 2021 and the Court's Individual Rule of
Practice 4.A.ii, the Securities and Exchange Commission (the "Commission") respectfully submits
this letter motion to (i) redact portions of its previously filed, sealed submissions to the Court in
support of its October 18, 2017, December 11, 2018, and January 9, 2020 motions for nondisclosure
orders (together and with a letter to the Court on July 9, 2020, the "Submissions"); and to (ii) file
under seal the unredacted versions of the Submissions.  The Submissions concern a Commission
insider trading investigation, and the Commission now seeks to redact the names and identifying
information of individuals and entities who have not been charged to date by the Commission or
criminal authorities.  Pursuant to Individual Rule 4.A.ii, the Commission is publically filing the
Submissions with proposed redactions via ECF and electronically filing under seal the unredacted
Submissions with the proposed redactions highlighted, together with this letter motion.

I.     Relevant Procedural History

On October 18, 2017, the Commission made the first of its Submissions to the Court.  This
submission sought orders, under 18 U.S.C. § 2705(b), directing eight electronic communications and
remote computing service providers to not give notice to customers, subscribers, or any others, of
administrative subpoenas to be issued to those providers in connection with the Commission's
investigation numbered NY-09547 and titled *Trading in the Securities of Elizabeth Arden*.  On October
19, 2017, the Court issued such Orders to CSC Holdings, LLC/Optimum Online, MCI
Communications Inc./Verizon, Apple Inc., Google Inc., Facebook Inc., Twitter Inc., LinkedIn Inc.,
and Hotmail Inc. (the "Providers").

On December 11, 2018, the Commission made the second of its Submissions to the Court.
This submission sought to extend the Orders to require nondisclosure by the Providers for an
additional 365 days, until January 14, 2020.  The Court issued the requested Orders on
December 12, 2018.

On January 9, 2020, the Commission made its final Submission to the Court and sought to
extend the non-disclosure Orders again for another 365 days, until January 13, 2021.  The Court

Hon. Gregory H. Woods
January 26, 2021
Page 2

issued the requested Orders on January 12, 2020 (with the October 19, 2017 and December 12, 2018 Orders, the "Orders").

On January 5, 2021, the Commission notified the Court that it did not seek a further extension of the Orders. Accordingly, on January 9, 2021, the Court ordered the unsealing of this miscellaneous proceeding on January 15, 2021 and directed the Commission to file by ECF all Submissions to the Court on the docket of this case by January 19, 2021 (the "January 9 Order"). On January 14, 2021, the Court granted the Commission an extension of the deadline to file the Submissions, to January 26, 2021 (the "January 14 Order").

The Submissions describe evidence of possible insider trading by a number of individuals and entities. On December 22, 2020, the Commission filed a complaint alleging that one of those individuals, Jason Peltz ("Peltz"), engaged in unlawful insider trading in a case captioned *SEC v. Jason Peltz*, 1:20-cv-06199-PKC-VMS (E.D.N.Y. Dec. 22, 2020). On December 18, 2020, the United States Attorney's Office for the Eastern District of New York filed a criminal complaint against Peltz. To date, none of the other individuals or entities named in the Submissions has been charged civilly or criminally with any securities law violation or been identified by name in any public filing.

II.    The Court Should Permit the Proposed Redactions.

The Second Circuit has set forth a three-part inquiry for courts to undertake when considering whether to seal documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). *First*, courts should determine whether the documents at issue are "judicial documents" to which a presumption of public access attaches. *Id.* at 119 (finding that documents submitted in support of a summary judgment motion were judicial documents). *Second,* courts should determine the weight of that presumption, including by considering the role the information played in the exercise of judicial power and the resultant value of the information to those monitoring the federal courts. *Id. Third,* courts should consider any "countervailing factors" that weigh against the right of public access. *Id.* at 120. As part of this analysis, courts "must identify all of the factors that legitimately counsel against disclosure of [that] document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "Established factors and values that can outweigh the presumption of public access include… privacy interests." *SEC v. Telegram Group Inc.*, 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Where one of these factors outweighs the right of public access, "redacting sensitive information is a preferable alternative to sealing an entire document." *Telegram*, 2020 WL 3264264, at *1 (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)).

Applying this three-part inquiry, the Court should permit the Commission to redact the names and identifying information of uncharged non-parties in the publically filed Submissions to avoid reputational harm to these non-parties. First, the Submissions are "judicial documents" to which a presumption of public access attaches, because they "would reasonably have the *tendency* to influence [the Court's] ruling on [the] motion[s]" the Commission filed to obtains the Orders. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotation marks and citation omitted) (emphasis in original). Second, while at least some weight should be given to the public access presumption here, the presumption should be lower because the Submissions do not involve materials introduced at trial or submitted for purposes of dispositive motions in a civil action. *See id.* at 50 ("[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.").

Hon. Gregory H. Woods
January 26, 2021
Page 3

Whatever weight given the public access presumption here, however, the privacy interests of "innocent third parties" "should weigh heavily" against disclosure of their identities. *Amodeo*, 71 F.3d at 1050 (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). Given that the non-parties at issue here have not been charged to date with securities law violations, the risk of reputational harm to them by being identified in connection with a Commission insider trading investigation outweighs the public interest in learning their identities. *See, e.g., United States v. Cohen,* 366 F. Supp. 3d 612, 625 (S.D.N.Y. 2019) ("The relevant considerations weigh in favor of redacting the names and descriptions of these uncharged individuals, who may nonetheless be 'stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing, combined with the inability of these third parties to clear their names at trial.'") (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013)). Here, the privacy interest is particularly strong, because the Submissions describe possible wrongdoing by the uncharged non-parties. *See Amodeo*, 71 F.3d at 1051 (holding that the "sensitivity of the information" is a relevant factor in determining the weight of a third party's privacy interest).

The narrow, proposed redactions are tailored to protect these non-parties' privacy interests, while granting public access to the vast majority of the Submissions. *See Lugosch*, 435 F.3d at 124 (sealing orders should be narrowly tailored).

For these reasons, the Commission respectfully requests that the Court enter an order permitting the Commission to redact the highlighted portions of its Submissions filed concurrently with this letter motion and permit the unredacted versions to remain under seal.

Respectfully submitted,

Barry O'Connell
Senior Counsel

Enclosures